UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Daniel and Connie Heatlie,   Case No. 06-46755
                                    Chapter 13
            Debtors.                Hon. Marci B. McIvor
_____/

## OPINION SUSTAINING TRUSTEE'S OBJECTION TO SALE OF REAL PROPERTY

This matter is before the Court on the Trustee's Objection to Debtors' Motion to Sell Real Property Free and Clear of Liens and Transferring Valid Liens to Proceeds. Debtors contend they have no interest in the property notwithstanding the fact that Mr. Heatlie appears on the title. The Trustee contends that Mr. Heatlie does have an interest in the property and that his interest belongs to the estate. For the reasons stated in this Opinion, the Trustee's objection is sustained.

Background

In June, 2003, debtor Michael Heatlie received $52,227.00 from his mother. His mother obtained the money by mortgaging her home located at 38134 Shoreline, Harrison Township, Michigan. According to an informal agreement signed by Mr. Heatlie and his two sisters on June 12, 2003, it appears that the money was an "advance" on his inheritance. While it is not clear exactly when the three siblings names first appeared on the deed to the Shoreline property, the siblings believed that upon their mother's death, they would each own a 1/3 interest in her home and that when the home was sold, Mr. Heatlie would have no interest in the proceeds.[1]

---

[1]The agreement is not clearly drafted. It provides in its entirety:

The mortgage on the house on 38124 Shoreline, Harrison Township is 1/3 the inheritance of Dan Heatlie given to him by his mother. And all parties agreed upon when house is sold Dan Heatlie has no interest in the

On May 30, 2006, Debtors filed a voluntary chapter 13 bankruptcy petition. At the petition date, title to the Shoreline property was held by Daniel Heatlie and his two sisters.[2] Mr. Heatlie did not include the Shoreline property on Schedule A, presumably because he did not believe he had any interest in the property. Because Mr. Heatlie's mother recently passed away, Mr. Heatlie and his sisters seek to sell the property. Because Mr. Heatlie's name appears on the deed along with the names of his siblings, however, they cannot sell without an Order from the Court. Thus, on September 12, 2006, Debtors' filed the present Motion to Sell Real Property. Debtors assert that the property should be sold and the proceeds split between Debtor's two sisters because Debtor already received his share of the proceeds.

The Trustee objects to the sale of the property asserting that as of May 30, 2006, the date of the petition, Debtor had a valid, legal 1/3 interest in the Shoreline property. According to the Trustee, that interest passed to the estate pursuant to 11 U.S.C. § 541 and upon the sale of the property, the estate is entitled to 1/3 of the proceeds.

## Analysis

When a debtor files for bankruptcy, an estate is formed. *See* 11 U.S.C. § 541(a). From that estate, creditors will attempt to recover at least some of their claims. The bankruptcy estate's property includes "all legal or equitable interests of the Debtor in property as of the commencement of the case," subject to limited exceptions. 11

---

proceeds of the house if mortgage is still owing 1/3 or more.

[2] Although the Court has not been provided with a copy of the title, this fact has not been disputed by any of the parties, and the "Seller's Settlement Statement" provided by Devon Title Agency pursuant to the pending sale of the property lists the sellers as Daniel Heatlie and his two sisters.

2

U.S.C.A. § 541(a)(1).  Although whether a debtor's alleged interest is estate property is a question of federal law, the Court must look to state law when deciding whether a debtor had a legal or equitable interest in the property when he filed for bankruptcy.  *See Matter of Yonikus,* 996 F.2d 866, 869-70 (7th Cir.1993) (citing *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)).

Under Michigan law, it is well settled that legal title is transferred by deed.  *Frosh v. Sportsman's Showcase, Inc.*, 145 N.W.2d 241, 244-245 (Mich. App. 1966).  On the date the petition was filed in the present case, legal title to the Shoreline property was held by Mr. Heatlie and his two sisters.  At no time, either pre or post-petition, was Mr. Heatlie's interest transferred by deed to his sisters or to anyone else.  Because he owned a 1/3 interest in the property at the petition date, that interest transferred to the estate pursuant to § 541 of the Code, and any proceeds received from the sale of the property belong to the estate.

The Court recognizes that the parties had a written agreement amongst themselves regarding the disposition of sale proceeds.  That agreement, however, does not alter legal title to the property, nor does it alter the Bankruptcy Code's effect on assets owned by Mr. Heatlie on the date his petition was filed.  Prior to filing bankruptcy, Mr. Heatlie failed to transfer his interest in the property to his sisters.  This Court must conclude that Mr. Heatlie's 1/3 interest in the property, and any proceeds from the sale thereof, belong to the estate.

The Court notes that to the extent that the parties written agreement constitutes a valid and enforceable contract, Mr. Heatlie's sisters may have an unsecured claim against the bankruptcy estate.

## Conclusion

For the foregoing reasons, the Trustee's Objection to the Sale of Real Property is SUSTAINED.

**Signed on November 03, 2006**

                                                     **/s/ Marci B. McIvor**
                                                     **Marci B. McIvor**
                                                   **United States Bankruptcy Judge**